**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50094 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00186-ABC-1 |
| v. | |
| OSAYANSE OBARGHEDO, AKA Abu, AKA Thomas Lester, AKA John Price, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted August 28, 2014
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and BYBEE, Circuit Judges.

Appellant Osayanse Obarghedo (Obarghedo) appeals his conviction and

sentence for possession of fifteen or more unauthorized access devices. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.     The district court acted within its discretion when it denied

Obarghedo's third motion to substitute counsel.  *See United States v. Mendez-

Sanchez*, 563 F.3d 935, 944 (9th Cir. 2009).


2.     The district court did not clearly err when it denied Obarghedo's

motion to dismiss the information based on alleged Speedy Trial Act violations.

After an evidentiary hearing, the district court determined that Obarghedo failed to

provide "direct [or] indirect support for his contention that prosecutors conspired

with [immigration authorities] to extend his detention until an indictment could be

returned."  *United States v. Pena-Carrillo*, 46 F.3d 879, 883 (9th Cir. 1995).


3.     The district court acted within its discretion when it excluded the

voicemail purportedly from Obarghedo's cousin because Obarghedo failed to

prove his cousin's unavailability.  Moreover, Obarghedo failed to demonstrate the

requisite corroborating circumstances clearly indicating the statement's

trustworthiness as required by Fed. R. Evid. 804(b)(3).  *See United States v.

Gadson*, Nos. 12-30007, 12-30047, – F.3d –, 2014 WL 4067203, at *5-*6 (9th Cir.

Aug. 19, 2014).

**4.** The district court did not clearly err in its calculation of the financial institutions' actual losses and corresponding restitution. *See United States v. Armstead*, 552 F.3d 769, 778-79 (9th Cir. 2008), *as amended* (recognizing that the district court may consider uncharged conduct in calculating a reasonable estimate of the amount of loss).

**5.** The district court's upward departure in Obarghedo's criminal history category was substantively reasonable because it was based on Obarghedo's extensive criminal history, his fraudulent conduct, recidivism concerns, and the need for deterrence. *See United States v. Ellis*, 641 F.3d 411, 413, 420-21 (9th Cir. 2011). Obarghedo's procedural challenges—based on the district court's failure to state in writing the basis for its departure and the district court's consideration of evidence of immigration and mortgage fraud introduced at Obarghedo's trial—also fail. *See id.* at 422.

**AFFIRMED.**